Louis G. Bruhn, J.
This is a motion on behalf of the defendant, Ludington B. Stratton, joined in by the defendants, Alvin O. Benton and Elizabeth S. Benton, individually and doing *1054 business as Republican Watchman, for an order dismissing the complaint herein against them and directing that judgment be entered in their favor on the ground that the action has no merit.
The plaintiffs in turn cross-move for an order dismissing the first and second counterclaims of the defendant, Ludington B. Stratton, and directing that judgment be entered in their favor against him on the ground that his counterclaims have no merit and present no triable issues of fact.
In deciding the defendants’ motion against the plaintiffs different rules will have to be applied to the cause of action of Harris Shore as compared to the causes of action of Joseph Block and Max Schapiro, since the latter two were duly elected public officials.
Since this court’s determination, just a year ago, of a motion on behalf of the plaintiffs for a dismissal of the first and second counterclaims of the defendant Stratton, the United States Supreme Court has rendered a landmark opinion in the case of New York Times Co. v. Sullivan (376 U. S. 254) which establishes a national rule for libel actions brought by public officials or candidates for public office.
Incidentally, so far as the motion of a year ago is concerned, this court wishes to point out first that it was merely a determination of the sufficiency of the counterclaims as pleadings and further wishes to point out that since tire decision was made prior to the Times case (supra), any holding inconsistent with such case must yield to it.
The Times case (supra) established the substantive law which must be applied in such cases when, at pages 279-280, it stated: ‘' The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with ‘ actual malice ’ — that is, with knowledge that it was false or with reckless disregard of whether it was false or not.” (Italics supplied.)
In justification of such conclusion the court, at pages 280-281, quoted with approval language contained in a Kansas case of Coleman v. MacLennan (78 Kan. 711): “ ‘ where an article is published and circulated among voters for the sole purpose of giving what the defendant believes to be truthful information concerning a candidate for public office and for the purpose of enabling such voters to cast their ballot more intelligently, and the whole thing is done in good faith and without malice, the article, is privileged, although the principal matters contained in the article may be untrue in fact and derogatory to the character of the plaintiff; and in such a case the burden is on *1055 the plaintiff to show actual malice in the publication of the article.’ ” (Italics supplied.)
Again, on page 281, the court quoted with approval the language of the Supreme Court of Kansas in the same case on appeal (78 Kan. 711, 724): ' ‘' It is of the utmost consequence that the people should discuss the character and qualifications of candidates for their suffrages. The importance to the state and to society of such discussions is so vast, and the advantages derived are so great, that they more than counterbalance the inconvenience of private persons whose conduct may be involved, and occasional injury to the reputations of individuals must yield to the public welfare, although at times such injury may be great. The public benefit from publicity is so great, and the chance of injury to private character so small, that such discussion must be privileged.’ ” (Italics supplied.)
Such language not alone advances the reason for the rule announced but likewise lays to rest any doubt that the same rule does not apply as well to candidates as to incumbents for public office and consequently the defendants’ counterclaims must be weighed by the same scales.
That the rule is not as revolutionary as might be suggested at first blush and not as inequitable as one would imagine are conclusions which flow from language used at page 282 of the Times case (supra) : “ Such a privilege for criticism of official conduct is appropriately analogous to the protection accorded a public official when he is sued for libel by a private citizen.” (Italics supplied.)
As a matter of fact, in a very recent case of Sheridan v. Crisona (14 N Y 2d 108) brought by a private citizen employed by the City of New York as an appraiser against the defendant, who, while serving as President of the Borough of Queens and member of the Board of Estimate of the City of New York, had submitted an allegedly libelous report to the Mayor, our Court of Appeals, at page 114, stated: " The absolute privilege to which defendant is entitled is a complete bar to this action in libel, regardless of whether the publication was motivated by malice or that the matter so published was false and defamatory. Assuming, however, that only a qualified privilege obtains here, there is insufficient evidence from which a jury might infer malice (see Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56).'”
Incidentally, the test announced in the Shapiro case (supra) is likewise the one which must be applied to both the motion against the plaintiff public officials and the cross motion against the candidate for public office.
*1056 Such test is found in language used at page 61:
“ ‘ While there are numerous cases in the books in which it is said that as to privileged communications the good faith of the defendant and the existence of actual malice are questions of fact for the jury, the expression must not be misunderstood. Those questions are for the jury only where there is evidence in the case warranting their submission to the jury, and the burden of proof is on the plaintiff ’ (Ashcroft v. Hammond, 197 N. Y. 488, 495-496; see Hemmens v. Nelson, 138 N. Y. 517, 529). Falsity is not sufficient for an inference of malice. ‘ “ It must be * * * consistent only with a desire to injure the plaintiff to justify * * * [sending] the question of malice to the jury ” ’ (Fowles v. Bowen, 30 N. Y. 20, 26; see Loewinthan v. Le Vine, 299 N. Y. 372, 375).
* * #
“ Although defendants do not have the burden of showing lack of malice, the documents themselves, consisting of actual minutes of hearings and meetings and attached to the opposing affidavits, go far toward negating malicious motivation.” (Italics supplied.)
Equating the proof submitted by the respective parties, other than Shore, in the light of such rule, it is the conclusion of this court that neither the plaintiffs, Block and Schapiro, in their opposition to the defendants’ motion dismissing their complaint nor the defendant, Stratton, in opposition to the plaintiffs’ motion dismissing his counterclaims, have demonstrated the presence of sufficient evidence from which a jury might infer malice.
Consequently, since no factual questions have been demonstrated the motion of the defendants, Ludington B. Stratton, Alvin 0. Benton and Elizabeth S. Benton, individually and doing business as Republican Watchman for an order dismissing the complaint and directing judgment against the plaintiffs, Block and Schapiro, is granted, for the reasons stated, without costs.
For the same reasons the cross motion of all the plaintiffs is granted as to both counterclaims of the defendant, Stratton, without costs.
Still remaining for disposition then is that portion of the defendants’ motion against the plaintiff, Harris Shore, for a dismissal of Ms cause of action against all of them.
A reading of the complaint and the article of alleged libel convinces this court that the most favorable construction of the complaint suggests merely a libel of property.
The law seems well settled that words defamatory of property are libelous per se as to its owner when they impute to him *1057 ‘"‘ dishonesty, fraud, deception or other misconduct in Ms trade or business in connection with the property.'’ ” (Italics supplied.) (Marlin Fire Arms Co. v. Shields, 171 N. Y. 384, 390; Harwood Pharmacal Co. v. National Broadcast. Co., 9 N Y 2d 460, 463.)
Since, therefore, the instant complaint as to Shore does not allege any libel per se and does not allege and, since on the basis of the examination before trial, he cannot prove any special damages, the defendants’ motion as to the plaintiff Shore, is likewise granted, without costs.